UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERNEST OLIVER,

    Petitioner,

v.                                      CASE NO. 8:16-cv-1285-T-27TGW
                                        CRIM. CASE NO. 8:05-cr-401-T-27TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion for Reconsideration Pursuant to Rule 59(e) of the Fed.R.Civ.P. (cv Dkt. 18).[1] "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). The motion is denied.

Petitioner first contends that the court erred in denying Ground One of his § 2255 motion because in light of *Mathis v. United States*, 136 S.Ct. 2243 (2016), "21 U.S.C. § 841(a) is not categorically a felony offense. . . ." (cv Dkt. 18, p. 2). Petitioner merely reargues an issue already argued and rejected. "'[A] motion for reconsideration should not be used. . .to reiterate arguments previously made.'" *Del. Valley Floral Group, Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1384 (Fed. Cir.) (quoting *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). Moreover, his contention is without merit since possession of cocaine with intent to distribute is unquestionably a felony that triggers the career offender enhancement. *United States v. Carr*, 573

---

[1] Respondent filed a response to the motion (cv Dkt. 20), to which Petitioner replied (cv Dkt. 21).

Fed. Appx. 840, 841 (11th Cir. 2014) ("Carr pied guilty to possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841 (a)(l) and (b)(l)(B)(iii), a class B felony.").

Petitioner next contends that the court erred in denying Ground Three of his § 2255 motion. He asserts that the court erred in determining that he was correctly sentenced as a career offender because he had at least two prior felony convictions for crimes of violence. He argues that he does not have two prior convictions for crimes of violence because his attempted murder, attempted armed robbery, and armed robbery convictions should not have been considered as separate offenses. He contends that those convictions should count as only one conviction under the career offender guideline because there was no intervening arrest between those offenses, the offenses were contained in the same charging instrument, and the sentences for those offenses were imposed on the same day.[2] The court will not consider this argument raised for the first time in a motion for reconsideration. *See Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (Rule 59(e) motion for reconsideration cannot be used to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment).[3]

Petitioner further contends that the court erred in determining that his two prior convictions for delivery of cocaine were "controlled substance offenses" under 4B1.1(a), U.S.S.G., because at

---

[2]Section 4B1.2(c), U.S.S.G., states that "two prior felony convictions' means . . . the sentences for at least two of the . . . felony convictions are counted separately under § 4A1.1(a), (b), or (c)." Section 4A1.2(a)(2), U.S.S.G., provides that:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.

[3]Even if Petitioner has only one prior predicate crime of violence, he still has two prior predicate controlled substance offenses convictions.

the time he committed those offenses (1993) the statute under which he was convicted, Fla. Stat. § 893.13, applied to offenses that involved the sale, manufacture, or delivery of a controlled substance and to offenses that involved the mere purchase of a controlled substance. Although he correctly asserts that under U.S.S.G. § 4B1.2(b), a conviction for the mere purchase of controlled substance is not a "controlled substance offense" under U.S.S.G. § 4B1.1, see *United States v. Hernandez*, 145 F.3d 1433, 1440 (11th Cir.1998), it is clear on the face of the judgments that Petitioner was convicted of two counts of delivery of cocaine (see cv Dkt. 15-1, pp. 24, 39). Accordingly, the convictions are "controlled substance offenses." *See United States v. Bailey*, 522 Fed. Appx. 497, 499 (11th Cir. 2013).

In sum, Petitioner was correctly sentenced as a career offender. Accordingly, he has failed to demonstrate that this court committed a manifest error of law in denying his Section 2255 motion.[4] His Motion for Reconsideration Pursuant to Rule 59(e) of the Fed.R.Civ.P. (cv Dkt. 18) is therefore **DENIED**.

## CERTIFICATE OF APPEALABILITY (COA)

Petitioner is not entitled to a COA. He has no absolute entitlement to appeal the denial of his motion. Rather, a COA must first issue. *Cf. Perez v. Sec'y, Fla. Dep't of Corr.*, 711 F.3d 1263 (11th Cir. 2013). *See also United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (COA required to appeal denial of Rule 59(e) motion that "sought ultimately to resurrect the denial of his earlier § 2255 motion. . ."). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make that showing,

---

[4] A manifest error of law is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Insurance Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted).

3

Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner cannot make the requisite showing. Since he is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** on September 21st, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: *Pro Se* Petitioner; Counsel of Record